IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **REPONZA MAXWELL,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:23-cv-696-ACA |
| | ) | |
| **SANOFI-AVENTIS U.S. LLC,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION**

Defendants Sanofi-Aventis U.S., LLC and Sanofi US Services, Inc. manufactured, marketed, and sold Taxotere, a chemotherapy medication. In May 2010, Plaintiff Reponza Maxwell used Taxotere. By December 2010, Ms. Maxwell had experienced permanent hair loss and thinning. Almost seven years later, Ms. Maxwell filed her complaint against Defendants, alleging that her permanent hair loss was a side effect of Taxotere.

Defendants move for judgment on the pleadings, contending that Ms. Maxwell's claims are time barred. (Doc. 29). At Defendants' request, the court held a hearing on the motion. Because Ms. Maxwell's claims are time barred, the court **WILL GRANT** Defendants' motion and **WILL DISMISS** this action **WITH PREJUDICE**.

I.   **BACKGROUND**

When deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Garcia-Bengochea v. Carnival Corp.*, 57 F.4th 916, 928 (11th Cir. 2023).

The court received this case on remand from the judicial panel that is presiding over *In re: Taxotre (Docetaxel) Products Liability Litigation*, No. 2:16-md-2740 (J.P.M.L.) (the "multidistrict litigation"). (*See* doc. 7). Ms. Maxwell's short form complaint provides almost no factual allegations. (*See* doc. 1). Instead, it incorporated in full the amended master complaint from the multidistrict litigation. (*See id.*). After Ms. Maxwell filed her short form complaint, the Plaintiffs Steering Committee in the multidistrict litigation amended the master complaint. (Doc. 7 at 19–20; *see also* doc. 5-26). As a result, there is some confusion about which master complaint contains the relevant allegations. (*Compare* doc. 30 at 3 n.2 (citing the second amended master complaint), *with* doc. 35 at 5 (citing the first amended master complaint)).

"[A]n amended pleading supersedes the former pleading." *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). "The original pleading is abandoned by the amendment[] and is no longer a part of the pleader's averments against his adversary." *Id.* (cleaned up). Accordingly, the second amended master

2

complaint is the operative multidistrict pleading in this case (*see* doc. 7 at 20), and the court will consider only the allegations in that complaint to rule on Defendants' motion. These are the facts alleged in Ms. Maxwell's complaint and the operative complaint in the multidistrict litigation:

Ms. Maxwell was diagnosed with breast cancer and underwent chemotherapy using Taxotere. (Doc. 5-26 ¶ 5; *see also* doc. 1 at 3). Defendants are pharmaceutical companies who researched, developed, tested, manufactured, labeled, advertised, marketed, promoted, sold and/or distributed Taxotere. (Doc. 5-26 ¶¶ 15–16, 18–19, 30–31).

Ms. Maxwell used Taxotere from May 2010 to July 2010. (Doc. 1 at 4). In December 2010, Ms. Maxwell experienced permanent hair loss and thinning, which she contends was a side effect of Taxotere. (*Id.*; *see also* doc. 5-26 ¶ 5). The permanent hair loss made Ms. Maxwell feel stigmatized, altered her self-image, affected her relationships with others, and otherwise prevented her from "return[ing] to normalcy" after receiving treatment. (Doc. 5-26 ¶ 6).

Ms. Maxwell contends that her experience is not unique. (*See, e.g., id.* ¶¶ 5–11). It is "a now well-documented side effect" of Taxotere "that the[] drug[] cause[s] permanent hair loss." (*Id.* ¶ 4). Ms. Maxwell contends that Defendants failed to warn patients and healthcare providers that Taxotere could cause permanent hair loss.

(*Id.*). Ms. Maxwell alleges that Defendants instead concealed this side effect from the public. (Doc. 5-26 ¶ 4).

## II. DISCUSSION

Out of the claims made in the operative master complaint, Ms. Maxwell asserts the following against Defendants: (1) strict products liability – failure to warn; (2) negligence; (3) negligent misrepresentation; (4) fraudulent misrepresentation; (5) fraudulent concealment; and (6) fraud and deceit. (Doc. 1 at 4; *see also* doc. 5-26 ¶¶ 221–31, 240–311). For ease of the court and convenience of the parties, the court refers to the strict products liability and negligence claims as the "product claims." The court refers to all other claims as the "fraud claims."

Defendants assert that Ms. Maxwell's claims are improperly pleaded and time barred. (*See* doc. 29; doc. 30). The court agrees and examines each argument in turn.

   a. <u>Ms. Maxwell has not pleaded her fraud claims with the requisite particularity.</u>

Defendants assert that Ms. Maxwell has not pleaded her fraud claims with the particularity required by Federal Rule of Civil Procedure 9(b). (*See* doc. 30 at 16). Ms. Maxwell does not fully respond to this argument, arguing instead that there is ample record evidence adduced during the multidistrict litigation proceedings to support her fraud claims. (*See* doc. 35 at 3–4). But this is a motion for judgment on the pleadings, and the court does not consider evidence. *See* Fed. R. Civ. P. 12(d).

4

"In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Specifically, a plaintiff must allege "(1) precisely what statements were made . . . , (2) the time and place of each such statement and the person responsible for making" the statement, "(3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 875 (11th Cir. 2023) (quotation marks omitted). Rule 9(b) also applies to claims of fraudulent concealment. *See Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006).

When the judicial panel presiding over the multidistrict litigation remanded this case, the panel advised this court that the panel had directed all plaintiffs to amend their short-form complaints to include plaintiff-specific allegations for the fraud claims. (Doc. 7 at 20). The deadline to plead those allegations has expired (*id*. at 21), and Ms. Maxwell did not amend her short form complaint. Accordingly, the only allegations particular to Ms. Maxwell are: (1) she used Taxotere from May 2010 to June 2010; (2) the Taxotere was administered to her in Alabama; and (3) her hair loss and thinning became permeant in December 2010. (Doc. 1 at 4).

Because Ms. Maxwell did not amend her short form complaint to include allegations that are specific to her, there are no allegations regarding how Defendants' statements misled her. (*Compare* doc. 1, *with* doc. 7 at 20); *see also*

5

*Young*, 57 F.4th at 875; *Henderson*, 454 F.3d at 1284. Although the master operative complaint contains general allegations regarding Defendants' conduct (*see* doc. 5-26 ¶¶ 268–76), Ms. Maxwell cannot satisfy Rule 9(b)'s requirements with general allegations, *see* Fed. R. Civ. P. 9(b). Accordingly, Ms. Maxwell has not pleaded her fraud claims in accordance with Rule 9(b), and the court **WILL DISMISS** Ms. Maxwell's fraud claims on that ground.

    b. Ms. Maxwell's products claims are time barred.

Defendants assert that Ms. Maxwell's products claims are time barred because her injury accrued in 2010 and she did not file her complaint until 2017. (Doc. 30 at 11–12). Ms. Maxwell presents two arguments in response. (*See* doc. 35 at 1–3; *see also id*. at 4–8). The court examines each in turn.

> *i. Because Ms. Maxwell did not properly allege a fraudulent concealment claim, she cannot invoke Alabama Code § 6-2-3.*

Ms. Maxwell invokes Alabama Code § 6-2-3, which she asserts tolls the applicable statute of limitations for her products claims. (Doc. 35 at 4). Defendants reply that Alabama Code § 6-2-3 is inapplicable because Ms. Maxwell has not pleaded her fraudulent concealment claim with particularity. (Doc. 38 at 6).

"In actions seeking relief on the ground of fraud . . . , the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Ala. Code § 6-2-3. The Alabama Supreme Court interprets this provision

to also toll the statute of limitations "to other torts not arising in fraud" when pleaded alongside a claim of fraudulent concealment because "[a] party cannot profit by his own wrong in concealing a cause of action against himself until barred by [the statute of] limitation[s]." *DGB, LLC v. Hinds*, 55 So. 3d 218, 224 (Ala. 2010) (quotation marks omitted).

But there is a problem: the claim of fraudulent concealment must itself be properly pleaded to toll the statute of limitations for products claims. *Henderson*, 454 F.3d at 1282–83; *see also Miller v. Mobile Cnty. Bd. of Health*, 409 So. 2d 420, 422 (Ala. 1981) (holding that the failure to sufficiently plead a claim of fraudulent concealment prevents a litigant from invoking Alabama Code § 6-2-3 for the remaining tort claims). Ms. Maxwell has not properly pleaded a claim of fraudulent concealment, *supra* at 4–6, and therefore may not invoke Alabama Code § 6-2-3 for her products claims.

> ii. *Ms. Maxwell's allegations preclude her from asserting that her hair loss was a latent injury.*

Ms. Maxwell contends that the permanency of her hair loss was a latent injury that could not be discovered during the applicable two-year statute of limitations. (Doc. 35 at 2). Defendants reply that this position is inconsistent with her allegations and applies only in cases involving asbestos. (Doc. 38 at 5). The court does not decide whether a latent injury exception to the statute of limitations for products

cases exists under Alabama law because Ms. Maxwell's pleaded allegations preclude her from making this argument.

Under Alabama law, the distinctive characteristic of a latent injury is that it materializes slowly and prevents the individual from "recogniz[ing] the nature, seriousness, and compensable character of [an] injury" at the time the injurious conduct occurs. *Dillard v. Calvary Assembly of God*, ___ So.3d ___, 2022 WL 4394872, at *4 (Ala. Civ. App. Sept. 23, 2022) (quotation marks omitted). Ms. Maxwell alleges that her hair loss became permanent in December 2010. (Doc. 1 at 4). She further alleges that her hair loss heightened her everyday awareness of her cancer treatment. (Doc. 5-26 ¶ 216). Specifically, she alleges that her hair loss caused others to avoid eye contact with her, that she felt stigmatized, and that the hair loss altered her self-image. (*Id.* ¶¶ 6, 218).

These allegations prevent Ms. Maxwell from asserting that she was unaware of "the nature, seriousness, and compensable character of" her hair loss. *See Dillard*, 2022 WL 4394872, at *4. Her products claims therefore accrued in December 2010. Ms. Maxwell's products claims are subject to a two-year statute of limitations, *see Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1305 (11th Cir. 2000); Ala. Code § 6-2-38(1), and she filed her complaint in 2017. Accordingly, her products claims are time barred, and the court **WILL DISMISS** Ms. Maxwell's product claims on that ground.

### c. Separately, Ms. Maxwell is not entitled to equitable tolling.

Ms. Maxwell asserts that equitable tolling applies to her claims because Defendants' labeling, marketing materials, and package inserts misled her into believing her hair would eventually grow back. (Doc. 35 at 5). Defendants respond that that Ms. Maxwell's allegations identify publicly available information that she could have discovered through reasonable diligence that would have put her on notice of her claims. (Doc. 38 at 9–10).

"The party seeking equitable tolling has the burden of proof, although he need not make any allegations about equitable tolling in his complaint." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (internal citation omitted). "A plaintiff nonetheless can plead h[er]self out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable tolling." *Id*. And that is what Ms. Maxwell has done here.

Ms. Maxwell alleges that medical studies identified a potential link between Taxotere and permanent hair loss as early as December 2006. (Doc. 5-26 ¶ 150). Ms. Maxwell further alleges that medical journals also began publishing articles regarding a potential link between Taxotere and permanent hair loss as early as 2009. (*E.g.*, *id*. ¶¶ 152, 158–62). Ms. Maxwell also alleges that news articles began reporting on this potential link as early as March 2010. (*E.g.*, *id*. ¶¶ 153–57).

9

The pleaded examples of publicly available information regarding a potential link between Taxotere and permanent hair loss suggest that Ms. Maxwell could have discovered her cause of action through reasonable diligence. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 394 (5th Cir. 2021) ("A reasonable inquiry would have uncovered at least some information that linked Taxotere to persistent alopecia.").[1] Accordingly, the court **WILL GRANT** Defendants' motion on the separate and independent basis that Ms. Maxwell's pleaded allegations foreclose a finding of reasonable diligence.

### III. CONCLUSION

The court **WILL GRANT** Defendants' motion. The court **WILL DISMISS** all claims **WITH PREJUDICE**. The court will enter a separate order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this October 27, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[1] Decisions of the Fifth Circuit are not binding on this court, but such decisions may be cited as persuasive authority. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[W]e consider decisions from other circuits as persuasive authority"); *see also Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985). The court finds the reasoning of the Fifth Circuit persuasive.